IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| JERRY MILLS § | |
| v. § | CIVIL ACTION NO. 5:23cv64-RWS-JBB |
| JUDGE TIDWELL, ET AL. § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jerry Mills, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(b). The named Defendants are Judge John Tidwell of the 202nd Judicial District Court of Bowie County and assistant public defender Bart Craytor.

**I. The Plaintiff's Complaint**

Plaintiff claims that Craytor should have filed a habeas petition on April 24, 2023, which would have resulted in Plaintiff's release from custody and the case against him thrown out. However, he states that Craytor later said in court that he accidentally messed up Petitioner's motion. Judge Tidwell had him step out of court, and Plaintiff states that when he returned two minutes later, Craytor stated that he had accidentally sent the wrong motion and had sent Plaintiff's motion as a draft. Plaintiff states that Judge Tidwell then re-set him for May 25, 2023.

According to Plaintiff, this gave the State time to indict him. He contends that on May 25, 2023, Judge Tidwell denied his motion but did not give a reason, and his court date was re-set for June 14. Plaintiff attaches a copy of a habeas petition filed by Craytor on April 24, asking for his discharge from custody and exoneration from bond or conditions of bond. In this petition, Plaintiff claims that he has been in custody and unable to make bond since July 13, 2022, and is thus eligible for release

because he has been in custody for over 180 days and the State has not presented an indictment or information against him.

On July 12, 2023, Plaintiff filed a notice in the present case saying that he went to court on April 24 and Craytor stated that he had filed a motion for release. He states that Judge Tidwell "became upset" and had Plaintiff removed from court and when he was returned two minutes later, Craytor said that he had made a mistake and did not file the motion correctly. Plaintiff claims that Craytor was "stalling for time so that the State could hurry up and indict him." When he returned to court on May 25, 2023, Plaintiff says that Judge Tidwell denied his motion but did not give a reason. When Plaintiff asked Craytor about this, he says Craytor stated that Judge Tidwell "does what he wants to do and not what the law says," which Plaintiff claims is a violation of his civil rights.

For relief, Plaintiff asks that the criminal case against him be dismissed and that he be released immediately. The online records of Bowie County show that Plaintiff was convicted of animal cruelty in a jury trial on July 11, 2023, and sentenced to three years in prison. *See Texas v. Mills*, No. 22F1018-202, 202nd Dist. Crt., available at https://perma.cc/4WFX-AWDM, click on Criminal Case Records, select Case, search for 22F1018-202).

**II. Discussion**

Plaintiff cannot be released from confinement in a civil rights lawsuit; rather, he must seek such relief through a petition for the writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Muhammed v. Close*, 540 U.S. 749, 750 (2004) (noting release from confinement cannot be obtained through a civil rights lawsuit but must be sought through habeas corpus). In order to seek habeas corpus relief in federal court, a plaintiff must first exhaust his claims through Texas state courts by presenting these claims to the highest court for the State of Texas, which is the Court of Criminal Appeals. *See Sheppard v. State of Louisiana Board of Parole*, 873 F.2d 761, 762 (5th Cir. 1989) (civil rights lawsuit challenging legality of confinement could not proceed because the allegations should have been brought in habeas corpus, with its concomitant requirement of exhaustion of state remedies).

In addition, Plaintiff cannot ask this Court to issue an order directed at Judge Tidwell because federal courts lack the power to direct state court judges in the performance of their duties. *LaBranche v. Becnel*, 559 Fed. Appx. 290, 290, 2014 U.S. App. LEXIS 4433 (5th Cir. 2014). Plaintiff may not maintain a civil rights lawsuit against Craytor because Craytor lacks the power to provide Plaintiff with the relief sought and because as Plaintiff's attorney, Craytor, did not act under color of state law for purposes of the Civil Rights Act, 42 U.S.C. §1983. *Conway v. Hecker*, 623 Fed. Appx. 232, 2015 U.S. App. LEXIS 20256 (5th Cir. 2015), *citing Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (finding a public defender is not a state actor). Plaintiff's claims lack an arguable basis in law and fail to state a claim upon which relief may be granted.

### III. Conclusion

Twenty-eight U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous when it lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Plaintiff's complaint lacks an arguable basis in law and fails to state a claim upon which relief may be granted because the relief he seeks is unavailable in a civil rights lawsuit and he cannot maintain civil rights claims against the named Defendants. His lawsuit should be dismissed with prejudice as to its refiling as a civil rights action but without prejudice to Plaintiff's right to seek

relief through habeas corpus.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice as to its refiling as a civil rights lawsuit, but without prejudice to Plaintiff's right to seek relief through state or federal habeas corpus or other lawful means.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of September, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE